# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

**CAMERON PADGETT,**

      Plaintiff,

   v.

**BOARD OF TRUSTEES OF
MICHIGAN STATE UNIVERSITY,**
In their official capacities,

      and

**LOU ANNA KIMSEY SIMON,**
In her personal and official capacities,

      Defendants.

Case No.

Hon.

Mag.

---

**BRISTOW LAW, PLLC**
By:  Kyle Bristow (P77200)
P.O. Box 381164
Clinton Twp., MI 48038
(P):  (248) 838-9934
(E):  BristowLaw@gmail.com
*Attorney for Cameron Padgett*

---

## PLAINTIFF'S VERIFIED COMPLAINT
## (JURY DEMAND ENDORSED HEREON)

---

NOW COMES Cameron Padgett ("Plaintiff"), by and through Attorney Kyle Bristow, and hereby propounds upon Board of Trustees of Michigan State University ("MSU Trustees"), Lou Anna Kimsey Simon ("Simon") (collectively "Defendants"), and this Honorable Court Plaintiff's Verified Complaint:

## I. INTRODUCTION

1. Plaintiff sues Defendants—by invoking 42 U.S.C. § 1983—for Defendants having wantonly violated Plaintiff's right to free speech as guaranteed by the First and Fourteenth Amendments to the United States Constitution by prohibiting Plaintiff from hosting Richard Spencer ("Spencer") of the National Policy Institute ("NPI") as a speaker on the campus of Michigan State University ("MSU").

## II. PARTIES

2. Plaintiff is an adult natural person, a citizen by birth of the United States of America, and a domiciliary of the State of Georgia.

3. MSU Trustees is the governing body of Michigan State University, which is a public university principally located in City of East Lansing, State of Michigan.  MSU is organized under the laws of the State of Michigan pursuant to MCL 390.101, *et seq*.  MSU Trustees are sued in their official capacities only.  At all times relevant to the instant controversy, MSU Trustees acted under the color of state law.

4. Simon is an adult natural person who is the president of MSU.  Upon information and belief, Simon is a domiciliary of the State of Michigan.  Simon is sued in her personal and official capacities.  At all times relevant to the instant controversy, Simon acted under the color of state law.

## III. JURISDICTION AND VENUE

5. This Court enjoys subject matter jurisdiction over the instant civil action because the controversy involves both a federal question about Plaintiff's constitutional right to free speech being violated by Defendants and diversity jurisdiction since no defendant resides in the same state

2

as Plaintiff and the sum in controversy exceeds seventy-five thousand dollars ($75,000.00). 28
U.S.C. §§ 1331, 1332, and 1343.

6. This Court enjoys personal jurisdiction over Defendants because Defendants are subject to
the jurisdiction of a court of general jurisdiction within the State of Michigan since Defendants are
located in the State of Michigan and Defendants did and caused tortious injury to Plaintiff in the
State of Michigan. Fed. R. Civ. P. 4(k)(1)(A); MCL 600.701; MCL 600.705.

7. Venue is appropriate with this Court because a substantial part of the events or omissions
giving rise to Plaintiff's claims occurred in the Court's jurisdictional district. 28 U.S.C.
1391(b)(2).

## IV. STATEMENT OF FACTS

8. Located on the campus of MSU is the Kellogg Hotel & Conference Center ("Kellogg
Hotel"). Kellogg Hotel is owned and operated by MSU, and hotel rooms, conference rooms, and
banquet facilities at Kellogg Hotel are publicly advertised as being available for rent on the website
of Kellogg Hotel at <http://kelloggcenter.com/>.

9. Plaintiff is 23-year-old senior at Georgia State University who subscribes to identitarian
philosophy. Plaintiff has never been arrested for, charged with, or convicted of a violent crime,
and Plaintiff does not advocate criminal conduct.

10. Identitarian philosophy is a Eurocentric political ideology which advocates the
preservation of national identity and a return to traditional Western values.

11. Although Plaintiff does not consider himself Alt-Right, Plaintiff is a supporter of Spencer
and Plaintiff is the organizer of Spencer's collegiate speaking tour.

12. Alt-Right—an abbreviation of alternative right—, is a Eurocentric political ideology which
advocates the preservation of national identity, a return to traditional Western values, and advances

European racial interests. Race-based preferential treatment for non-Europeans (a/k/a affirmative action), non-European immigration to European countries and their former colonies, international free trade agreements, radical feminism, sexual deviancy, and the ideology of multiculturalism are strongly criticized by adherents of Alt-Right philosophy.

13. Spencer is arguably the foremost advocate for Alt-Right philosophy in the world and is rapidly becoming a major figure in contemporary American politics. Spencer graduated from the University of Virginia with a Bachelor of Arts degree, the University of Chicago with a Master of Arts degree, and pursued a Ph.D. in modern European intellectual history at Duke University. Spencer has never been arrested for, charged with, or convicted of a violent crime, and Spencer does not advocate criminal conduct.

14. NPI is a think-tank based in City of Alexandria, Commonwealth of Virginia, for which Spencer serves as its figurehead. NPI promotes Alt-Right philosophy through its publications and private and public events. NPI does not advocate criminal conduct.

15. Due to the viewpoint of Spencer and NPI, people who are politically left-of-center find Spencer's and NPI's constitutionally-protected political views to be objectionable. Radical leftists affiliated with the Antifa political movement have previously violently attacked Spencer and Spencer's supporters at venues at which Spencer and Spencer's supporters peacefully assembled with the explicit goal of shutting down Spencer's events.

16. Antifa—an abbreviation of antifascist—is an unincorporated and international collective of communists and anarchists who resort to violence as a matter of practice to try to oppress people of a right-of-center political persuasion. Usually clothed in black and wearing masks to cowardly conceal their identities, Antifa activists routinely show up to politically right-of-center events with baseball bats, knives, sticks, pepper spray, and other weapons to attack their political opponents.

Antifa activists often throw water balloons filled with urine and other harmful objects at politically right-of-center people without lawful justification.

17. On or about July 20, 2017, Plaintiff attempted to rent a conference room at Kellogg Hotel at which Spencer would have been a speaker to share with attendees Spencer's Alt-Right philosophy.  Plaintiff was—and is still—prepared to pay for the conference room.

18. On August 16, 2017, Simon released a statement on behalf of Defendants on Simon's MSU-provided webpage about Spencer speaking on MSU's campus at <http://president.msu.edu/communications/speeches-statements/request-to-speak-on-campus.html>:

> Michigan State University has been contacted by the National Policy Institute seeking to rent space to accommodate a speaker on campus. The NPI describes itself as "dedicated to the heritage, identity and future of people of European descent."
>
> We are aware of no connection with any MSU-related group or individual, but such is not required to seek publicly available space.
>
> No decision has yet been made. We are reviewing the request closely in light of the deplorable violence in Charlottesville, Va., last weekend.
>
> Michigan State takes seriously its obligations to accommodate a broad range of speech. As our record shows, this university does not determine who can access public spaces based on what they think or say.
>
> Allowing access to public spaces would in no way constitute endorsement of messages that might be delivered there. NPI and similar groups' events staged at American campuses are intended to provoke reaction that might seem to justify organizers' racist and divisive messages, which we categorically reject.
>
> The diversity they shun is a source of our strength, like America itself, and every day some 65,000 students, faculty and MSU staff—and half a million alumni—are the living proof. So we will not be intimidated, nor stoop to reciprocate hate.
>
> As America's pioneer land-grant university, MSU from the start was dedicated to opening broad access to cutting-edge knowledge. We are proud of MSU's long engagement in civil and human rights. And we will continue to welcome and

nurture the diverse, engaged citizen-scholars that this world needs—today more than ever.

We stand with our colleagues across the country for the best of humanity, and our resolve is implacable. Spartans Will.

19. On August 17, 2017, Simon released an additional statement on behalf of Defendants on Simon's MSU-provided webpage about Spencer speaking on MSU's campus at <http://president.msu.edu/communications/speeches-statements/request-to-speak-on-campus.html>:

> After consultation with law enforcement officials, Michigan State University has decided to deny the National Policy Institute's request to rent space on campus to accommodate a speaker. This decision was made due to significant concerns about public safety in the wake of the tragic violence in Charlottesville last weekend. While we remain firm in our commitment to freedom of expression, our first obligation is to the safety and security of our students and our community.

20. Defendants' decision to prohibit Plaintiff from renting a conference room or lecture hall on MSU's campus due to violence implicitly or explicitly threatened by Antifa and not by the speaker constitutes unconstitutional content discrimination in the form of a heckler's veto.  See *Bible Believers v. Wayne County*, 805 F.3d 228 (6th Cir. 2015) (en banc).

21. Defendants have no reason to believe that Plaintiff, Spencer, or Spencer's supporters will in fact engage in and/or advocate offensive criminal misconduct should Spencer be permitted to speak on MSU's campus in a conference room or lecture hall rented by Plaintiff.

22. The instant controversy is virtually identical to *Padgett v. Auburn University*, Case No. 3:17-cv-00231-WKW-WC, at the United States District Court for the Middle District of Alabama. In said case, the same plaintiff as the one of the instant civil action sued a public university for prohibiting Plaintiff from hosting Spencer as a speaker in a rented conference room or lecture hall to talk about Alt-Right philosophy.  The defendants in that case alleged that Spencer's appearance on the campus of the public university would cause lawless action.  Chief Judge W. Keith Watkins

6

awarded Plaintiff a preliminary injunction so that Spencer could speak in a rented room—the defendants were court-ordered to not only protect Spencer and Spencer's supporters from Antifa via the university's police department, but to de-mask Antifa protesters to dissuade violence—, Spencer peacefully spoke on campus without advocating criminal misconduct, and Plaintiff and the defendants settled the controversy for twenty-nine-thousand-dollars ($29,000.00).  (Exhibit A – *Padgett v. Auburn University* Opinion).  Just like Auburn University, the MSU defendants of the instant civil action must permit Plaintiff to rent a conference room or lecture hall for Spencer to speak about Alt-Right philosophy on MSU's campus if the First and Fourteenth Amendments to the United States Constitution are to be respected.

23. Plaintiff is entitled to an award of punitive damages against Defendants because Defendants caused harm to Plaintiff that was malicious, oppressive, and/or in reckless disregard of Plaintiff's rights.

24. Defendants do not enjoy qualified immunity for Defendants' tortious conduct against Plaintiff, because the right of a citizen of the United States of America to speak about controversial political subject matter at a public forum or limited public forum is clearly established constitutional law.

## V.  CAUSES OF ACTION

### COUNT I
### DEFENDANTS VIOLATED PLAINTIFF'S
### FIRST AND FOURTEENTH AMENDMENT RIGHT TO FREE SPEECH
### 42 U.S.C. § 1983

25. The foregoing paragraphs of this Complaint are incorporated by reference as if each is fully set forth herein.

26. Plaintiff is guaranteed the right to free speech pursuant to the First and Fourteenth Amendments to the United States Constitution.

27. Defendants violated Plaintiff's right to free speech by prohibiting Plaintiff from renting a conference room or lecture hall to host Spencer as a speaker on the campus of MSU to share with attendees of the planned event Spencer's Alt-Right philosophy.

28. Defendants' decision to prohibit Spencer from speaking about Spencer's Alt-Right philosophy due to Defendants finding Alt-Right philosophy to be objectionable constitutes unconstitutional viewpoint discrimination.

29. Defendants' decision to prohibit Spencer from speaking due to the threat of violence that Antifa leftists pose constitutes unconstitutional content discrimination in the form of a heckler's veto. See *Bible Believers*, *supra*.

30. Defendants acted under the color of state law when Defendants prohibited Plaintiff from hosting Spencer in a rented conference room or lecture hall as a speaker on the campus of MSU.

31. Due directly and proximately to Defendants having violated Plaintiff's right to free speech, Plaintiff has and will continue to suffer injuries.

WHEREFORE, Plaintiff prays that this Honorable Court will enter judgment in Plaintiff's favor against Defendants, jointly and severally, by awarding Plaintiff: (1) a money judgment in excess of seventy-five thousand dollars ($75,000.00) for general and punitive damages; (2) the reasonable attorney's fees and costs incurred by Plaintiff to prosecute the instant civil action pursuant to 42 U.S.C. § 1988(b); and (3) any and all further relief that can be awarded by law or equity.

## COUNT II
## DECLARATORY AND INJUNCTIVE RELIEF

32. The foregoing paragraphs of this Complaint are incorporated by reference as if each is fully set forth herein.

33. The Court can and should decree that Defendants violated Plaintiff's right to free speech by prohibiting Plaintiff from renting a conference room or lecture hall at which Spencer would lecture about Alt-Right philosophy.  See 28 U.S.C. §§ 2201 and 2202.

34. This Court can and should issue preliminary and permanent injunctions against Defendants whereby Defendants are ordered to permit Plaintiff to rent a conference room or lecture hall on the campus of MSU for a fee to host Spencer as a speaker without Plaintiff paying for police protection or posting bond or providing insurance for the event and which requires MSU to maintain law and order via the use of law enforcement officers of its police department so as to protect Spencer's right to safely speak in a meaningful manner.  See Fed. R. Civ. P. 65; *Bible Believers*, *supra*; *Forsyth County v. Nationalist Movement*, 505 U.S. 123 (1992) (holding that a price-tag cannot be attached to the right to free speech by making controversial speakers pay for police protection due to the threatened violence of their adversaries); *Ohio Republican Party v. Brunner*, 543 F.3d 357, 361 (6th Cir. 2008) (describing elements for injunctive relief to be awarded).

35. Plaintiff has a likelihood of success on the merits of Plaintiff's claim that Defendants violated Plaintiff's right to free speech.

36. Plaintiff will suffer irreparable harm in the form of Plaintiff's right to free speech being denied to him should the Court not grant Plaintiff injunctive relief.

37. The issuance of an injunction to permit Plaintiff to rent a conference room or lecture hall on the campus of MSU for a fee to host Spencer as a speaker without Plaintiff paying for police protection or posting bond or providing insurance for the event and which requires MSU to maintain law and order via the use of law enforcement officers of its police department so as to protect Spencer's right to safely speak in a meaningful manner will not cause Defendants to suffer substantial harm because Defendants are required by constitutional law to do the same anyways.

38. The issuance of an injunction to permit Plaintiff to rent a conference room or lecture hall on the campus of MSU for a fee to host Spencer as a speaker without Plaintiff paying for police protection or posting bond or providing insurance for the event and which requires MSU to maintain law and order via the use of law enforcement officers of its police department so as to protect Spencer's right to safely speak in a meaningful manner will serve the public interest because it is in the public's interest for the First and Fourteenth Amendments to the United States Constitution to be honored and not disregarded by governmental actors.

WHEREFORE, Plaintiff prays that this Honorable Court will award Plaintiff declaratory relief by decreeing that Defendants violated Plaintiff's right to free speech and will award Plaintiff preliminary and permanent injunctive relief whereby Defendants are ordered to permit Plaintiff to rent a conference room or lecture hall on the campus of MSU for a fee to host Spencer as a speaker without Plaintiff paying for police protection or posting bond or providing insurance for the event and which requires MSU to maintain law and order via the use of law enforcement officers of its police department so as to protect Spencer's right to safely speak in a meaningful manner.

## JURY TRIAL DEMAND

Pursuant to Fed. R. Civ. P. 38, Plaintiff hereby respectfully demands a trial by jury as to all triable issues of fact in the instant civil action.

Respectfully submitted,

**BRISTOW LAW, PLLC**


/s/ Kyle Bristow
Kyle Bristow, Esq. (P77200)
P.O. Box 381164
Clinton Twp., MI 48038
(P):  (248) 838-9934
(E):  BristowLaw@gmail.com
Dated:  September 3, 2017          *Attorney for Cameron Padgett*

10

## VERIFICATION

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  28 U.S.C. § 1746.

Cameron Padgett
*Plaintiff*

Executed on September 1, 2017