# **EXHIBIT A**
# *Padgett v. Auburn University* **Preliminary Injunction Opinion**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| CAMERON PADGETT )<br>)<br>   Plaintiff, )<br>)<br>v. )<br>)<br>AUBURN UNIVERSITY, )<br>JAY GEORGE, in his official and )<br>individual capacity as President of )<br>Auburn University, )<br>CHANCE CORBETT, in his official )<br>and individual capacity as Director of )<br>Auburn University Public Safety )<br>Department, and )<br>ANDREA CONTI-ELIKINS, in her )<br>official and individual capacity as )<br>Supervisor of Student Center )<br>Reservations and James E. Foy )<br>Information Desk, Division of Student )<br>Affairs, )<br>)<br>   Defendants. ) | CASE NO. 3:17-CV-231-WKW<br>(WO) |

## **PRELIMINARY INJUNCTION**

Before the court is Plaintiff's motion for temporary restraining order, which is construed as a motion for preliminary injunction. (Doc. # 2.) This is a civil rights action brought pursuant to 42 U.S.C. § 1983. Plaintiff alleges that he had a contract with Auburn University to rent a room for the purpose of allowing Richard Spencer to speak at 7:00 p.m. on April 18, 2017 (today's date). On April 14, 2017, Defendants, on behalf of Auburn University, cancelled the event. (Doc. # 1-3.) The

court takes judicial notice that Richard Spencer is a white nationalist member of the far right who subscribes to what he describes as "identitarian" politics. While Mr. Spencer's beliefs and message are controversial, Auburn presented no evidence that Mr. Spencer advocates violence. Upon consideration of the motion and the evidence presented at the April 18, 2017 hearing on the motion, the court concludes that the motion is due to be granted.

> The law of speech in this country is well-settled:
>
> [A]ll fundamental rights comprised within the term liberty are protected by the federal Constitution from invasion by the states. The right of free speech, the right to teach and the right of assembly are, of course, fundamental rights. These may not be denied or abridged. But, although the rights of free speech and assembly are fundamental, they are not in their nature absolute.

*Whitney v. California*, 274 U.S. 357, 373 (1927) (Brandeis, J., concurring) (internal citations omitted), *overruled on other grounds*, *Brandenburg v. Ohio*, 395 U.S. 444 (1969). "[T]he constitutional guarantees of free speech and free press do not permit a State to forbid or proscribe advocacy of the use of force or of law violation except where such advocacy is directed to inciting or producing imminent lawless action and is likely to incite or produce such action." *Brandenburg*, 395 U.S. at 447. Auburn did not produce evidence that Mr. Spencer's speech is likely to incite or produce imminent lawless action.

The court finds that Auburn University cancelled the speech based on its belief that listeners and protest groups opposed to Mr. Spencer's ideology would react to

2

the content of his speech by engaging in protests that could cause violence or property damage. However, discrimination on the basis of message content "cannot be tolerated under the First Amendment," and "[l]isteners' reaction to speech is not a content-neutral basis for regulation." *Forsyth Cty., Ga. v. Nationalist Movement*, 505 U.S. 123, 134–35 (1992). Moreover, counsel for Auburn represented that Auburn University and local police, having been made aware of the risks many weeks ago, are prepared to provide security in the event that this injunction issued. Mr. Spencer has provided $2 million in insurance and has paid for the extra security necessary to cover this event. Auburn's attempted cancellation of the event, in violation of its contract with Plaintiff and four days before the event, was not narrowly tailored to protect the right to free speech while still addressing its own security concerns.

Accordingly, Plaintiff is entitled to a preliminary injunction by demonstrating (1) a substantial likelihood of success on the merits; (2) that, if the relief is not granted, he will suffer irreparable injury in the form of deprivation of his right to freedom of speech and freedom of association, *see Elrod v. Burns*, 427 U.S. 347, 373 (1976) ("The loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury."); (3) that the threatened injury outweighs the harm the relief would inflict on Defendants; and (4) that entry of the

relief would serve the public interest. *See Schiavo ex rel. Schindler v. Schiavo*, 403 F.3d 1223, 1225 (11th Cir. 2005).

For the foregoing reasons, it is ORDERED that Plaintiff's Motion (Doc. # 2) is GRANTED as follows:

1. Defendants and their agents and any person acting on Defendants' behalf are RESTRAINED and ENJOINED from cancelling, prohibiting, or preventing listeners from attending the speech by Mr. Spencer on April 18, 2017.

2. The contract (Doc. # 1-1) for the room in which Mr. Spencer was scheduled to speak is reinstated.

3. To the extent necessary to provide security, and in a manner that will ensure compliance with Alabama's anti-mask law, Ala. Code 1975 § 13A-11-9(a)(4), and the rights guaranteed by the United States Constitution, law enforcement may prohibit attendees or protesters on the campus from wearing masks.[1]

4. Defendant Auburn University, through its Police Department shall take all necessary and appropriate steps, within their available resources, to provide security for Mr. Spencer, event attendees, peaceful protestors, and all other persons on the Auburn University campus on April 18, 2017. Security personnel may not cut off the free speech of Mr. Spencer or other persons except as a last resort to

---

[1] The uncontradicted evidence presented at the hearing establishes that a group called "Anti-fa," known for donning masks and engaging in violent protests, intends to engage in non-peaceful protest at Mr. Spencer's speech at Auburn.

4

ensure security or to prevent violence or property damage, and only after first making "*bona fide* efforts to protect the speaker from . . . hostility by other, less restrictive means." *Bible Believers v. Wayne Cty., Mich.*, 805 F.3d 228, 255 (6th Cir. 2015).

     5.    In light of the insurance procured by Mr. Spencer, Mr. Spencer's payment of fees for the provision of security, and Defendants' representation that they do not wish to request a bond, no bond is required.

     6.    At or before **6:30 p.m. on April 18, 2017**, Mr. Spencer shall tender to Auburn the $700.00 balance owed for facility rental.

DONE this 18th day of April, 2017.

                                 /s/ W. Keith Watkins
                           CHIEF UNITED STATES DISTRICT JUDGE