IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CAMERON PADGETT,

      *Plaintiff*,

    v.

BOARD OF TRUSTEES OF MICHIGAN STATE UNIVERSITY, *et al.*,

      *Defendants*.

Case No. 1:17-cv-805

Hon. Janet T. Neff

**BRISTOW LAW, PLLC**
Kyle Bristow (P77200)
P.O. Box 381164
Clinton Twp., MI 48038
(248) 838-9934
BristowLaw@gmail.com

*Attorney for Plaintiff*

**VARNUM LLP**
Bryan Walters (P58050)
333 Bridge St. NW
Grand Rapids, MI 49504
(616) 336-6000
brwalters@varnumlaw.com

**WILMER CUTLER PICKERING
   HALE AND DORR LLP**
Brian M. Boynton
Paul R.Q. Wolfson
Kevin M. Lamb
1875 Pennsylvania Ave. N.W.
Washington, DC 20006
(202) 663-6000
brian.boynton@wilmerhale.com

*Attorneys for Defendants*

**DEFENDANTS' RESPONSE TO
PLAINTIFF'S PRE-MOTION CONFERENCE REQUEST**

Pursuant to Section IV(A)(1)(b) of the Court's Civil Practice Guidelines, Defendants Board of Trustees of Michigan State University ("MSU") and Lou Anna K. Simon respectfully notify the Court of their intent to oppose Plaintiff's proposed motion for a preliminary injunction.

In July of this year, Plaintiff Cameron Padgett contacted MSU and asked to reserve space on campus for a speech by Richard Spencer, the "figurehead" of a think-tank that "promotes Alt-Right philosophy." Compl. ¶¶ 14, 17. After some discussions, Mr. Padgett ultimately requested that the event be held on September 15, 2017 at a venue on MSU's central campus. As of August 11, Mr. Padgett's request remained pending. On August 12, white supremacist groups held a rally in Charlottesville, Virginia, purportedly to protest the removal of a statute of Robert E. Lee. Mr. Spencer was a featured speaker at the rally. The extreme violence that ensued—as armed protestors clashed in streets and one of the rally's supporters intentionally rammed a car into a crowd of counter-protestors—left one woman dead and dozens of others injured. On August 17, in the immediate wake of Charlottesville, and with tens of thousands of students about to return to campus, MSU made the decision to reject Plaintiff's request to reserve space on MSU's central campus for Mr. Spencer to speak on September 15, 2017.

Plaintiff's motion for a preliminary injunction requiring MSU to host that event does not satisfy the requirements for obtaining that extraordinary relief, and should be denied, for several reasons.

*First,* Plaintiff is unlikely to prevail on his First Amendment claims because he lacks standing to assert the free speech rights of Mr. Spencer. *See Moody v. Michigan Gaming Control Bd.*, 847 F.3d 399, 402-403 (6th Cir. 2017). If Mr. Spencer believes his rights have been infringed, nothing precludes him from bringing suit himself.

*Second*, Plaintiff's claims fail on the merits.  MSU did not act out of a desire to suppress Mr. Spencer's views: MSU has a long and proud tradition of hosting speakers with widely divergent views, including speakers considered controversial and extreme.  Rather, MSU's decision was made solely to protect its students and other members of its community at a unique time immediately following the tragic violence in Charlottesville.  MSU President Simon made that judgment based on her close consultation with the MSU Police Department, which had concluded, in light of the incidents in Charlottesville, that it was highly likely there would be violence if Mr. Spencer were permitted to appear on campus on September 15.

MSU's decision was, therefore, not content-based.  To the contrary, actions taken to address public safety are "content neutral."  *See, e.g.*, *McCullen v. Coakley*, 134 S. Ct. 2518, 2531 (2014); *see also Ward v. Rock Against Racism*, 491 U.S. 781, 791 (1989) ("The government's purpose is the controlling consideration.").  MSU's decision is thus subject only to intermediate scrutiny, which it satisfies given the MSU Police Department's assessment that it was highly likely that if Mr. Spencer were permitted to appear on September 15, 2017, the groups that engaged in violence in Charlottesville would come to MSU and engage in similar violence there.  For the same reason, the unique exigencies that motivated MSU's decision would satisfy even strict scrutiny, if that standard were to apply.

*Third*, none of the other preliminary injunction factors weighs in Plaintiff's favor.  Because Plaintiff is not likely to succeed on the merits, irreparable harm cannot be presumed.  Moreover, the balance of hardships and the public interest weigh heavily in favor of MSU.  The narrow decision to deny space on September 15 at a venue in the center of campus posed little hardship to Plaintiff.  But the hardship to MSU and its community from requiring the event to occur would have been severe.

*Finally*, Plaintiff's motion raises ancillary questions about the amount of fees he would be charged, whether he would be required to post bond or provide insurance, and whether MSU would maintain law and order if Mr. Spencer appeared on campus. Plaintiff has not pleaded facts relevant to these issues, and his speculation that he may be harmed by some future decision by MSU is premature and does not present a justiciable controversy.

In sum, the Court should reject Plaintiff's argument that MSU was required to host an event in the heart of its undergraduate campus at a time that risked a repeat of the deadly violence that had torn apart Charlottesville and the University of Virginia a short while earlier.

Counsel for MSU is prepared to attend any pre-motion conference the Court schedules in this matter.

Dated: September 18, 2017

Respectfully submitted,

s/ Brian M. Boynton
Brian M. Boynton
Paul R.Q. Wolfson
Kevin M. Lamb
WILMER CUTLER PICKERING
   HALE AND DORR LLP
1875 Pennsylvania Ave. N.W.
Washington, DC 20006
(202) 663-6000
brian.boynton@wilmerhale.com

Bryan R. Walters
VARNUM LLP
333 Bridge St., NW
Grand Rapids, MI 49504
(616) 336-6000
brwalters@varnumlaw.com

*Attorneys for Defendants*

3